## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**SHANNON ALEXANDER (#298078)**                        **CIVIL ACTION**

**VERSUS**

**DARREL VANNOY, WARDEN, ET AL.**                **NO. 16-0858-JWD-EWD**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on January 25, 2018.

*Erin Wilder-Doomes*
**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SHANNON ALEXANDER (#298078)                               CIVIL ACTION

VERSUS

DARREL VANNOY, WARDEN, ET AL.                             NO. 16-0858-JWD-EWD

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Pursuant to Order dated January 25, 2017 (R. Doc. 3), the Court granted Plaintiff's motion to proceed *in forma pauperis* in this case and ordered Plaintiff to pay, within twenty-one (21) days, an initial partial filing fee in the amount of $ 2.20, or this action would be subject to dismissal. Despite notification of the need to pay the initial partial filing fee, Plaintiff failed to comply with the Court's Order. Accordingly, the Court entered a second Order on March 3, 2017 (R. Doc. 4), directing Plaintiff to appear and show cause, in writing, within twenty-one (21) days, why his Complaint should not be dismissed for failure to pay the initial partial filing fee. In addition, the Court directed Plaintiff to attach to his response copies of his inmate account transaction statements showing the daily activity in his inmate drawing, savings and reserve accounts for the months of January and February 2017, including deposits into, withdrawals from, and balances in these accounts. The Court advised Plaintiff that if he failed to submit the requested information or if the Court was able to determine from Plaintiff's records that he had failed to make the required payment despite having funds in his accounts sufficient to do so, Plaintiff's action would be subject to dismissal, without further notice, for failure to pay the Court's initial partial filing fee.

Instead of providing the requested documentation to the Court, Plaintiff filed a Motion for Extension of Time and a Motion to Show Cause (R. Docs. 5 and 6), requesting additional time within which to make the initial payment. Plaintiff asserted therein that he had attempted to make the required payment by writing "letter[s]" to the Inmate Banking Department requesting that the funds be withdrawn from his account, but that the Banking Department had not complied with his requests.[1] Accordingly, on April 24, 2017, the Court entered an Order (R. Doc. 7) granting Plaintiff an additional period of 21 days to make the required payment. The Court's Order advised Plaintiff that no further extensions of time would be granted and further advised him that instead of merely sending "letters" to the Inmate Banking Department, "a properly completed withdrawal form is the appropriate manner in which to obtain payment from his inmate account(s)." *See id*.

Plaintiff has since failed to comply with the Court's directives, and he has neither paid the initial partial filing fee nor shown good cause for his failure to do so.[2] Nor has Plaintiff provided the Court with copies of any properly-completed withdrawal forms to show that he has made requests for payment in an appropriate manner. Instead, Plaintiff has submitted a supplemental Statement of Account dated December 11, 2017, *see* R. Doc. 16, that implicitly suggests that he

---

[1]  Plaintiff attached to his pleadings a document reflecting that sufficient funds to make the required payment were deposited into his account on January 31, 2017. *See* R. Doc. 6-3 at p. 1.
[2]  The transaction statements that Plaintiff has provided to the Court reflect that Plaintiff received a $5.00 deposit into his inmate accounts on January 31, 2017. *See* R. Doc. 6-3 at p. 5. Plaintiff has asserted that he was aware that, pursuant to prison rules, half of the referenced $5.00 deposit would be deducted from his accounts by the prison administration for payment of outstanding debt. *See* R. Doc. 8-1 at p. 3. With regard to the remaining $2.50, the transaction statements reflect that Plaintiff utilized that amount in unrelated transactions on February 2, 2017, including payments for "copies" and a payment in satisfaction of an apparently unrelated "court order." *See* R. Doc. 6-3 at pp. 3-6. In the Court's view, Plaintiff should not have utilized these remaining funds for unrelated purposes, thereby depleting his accounts and making payment of the initial partial filing fee impossible.

has had additional funds deposited in his accounts during the intervening months, specifically because the referenced Statement reflects that the "average monthly deposits" in Plaintiff's inmate accounts for the six months preceding December 2017 date has exceeded $8.00, which is an average monthly amount that is more than enough to have made the required payment.

Despite notice and an opportunity to appear, Plaintiff has failed to comply with the Court's Orders and has failed to show good cause for his failure to pay the initial partial filing fee as directed.[3] Accordingly, it is appropriate that Plaintiff's action be dismissed, without prejudice, because of his failure to pay the initial partial filing fee or comply with the Court's Orders.

## RECOMMENDATION

It is recommended that the above-captioned proceeding be dismissed, without prejudice, for failure of Plaintiff to pay the initial partial filing fee as ordered.[4]

Signed in Baton Rouge, Louisiana, on January 25, 2018.

*[signature]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

3   Plaintiff has filed additional pleadings with the Court relative to a purported administrative grievance that he submitted to prison officials, complaining regarding the failure of the Inmate Banking Department to make the initial partial payment to the Court upon Plaintiff's request. *See* R. Docs. 8 and 11-14. Plaintiff has also filed a proposed Amended Complaint, R. Doc. 15, wherein he seeks to assert a claim against prison officials regarding the non-payment.

4   Plaintiff is advised that during the 14-day period allowed to him to object to this Report and Recommendation, he may either pay the Court's initial partial filing fee in the amount of $2.20 or, in lieu thereof, may seek to show the Court that he has been unable to pay the initial fee during the entirety of the period since the Court initially assessed same in January 2017. Plaintiff may make this showing by attaching to his objection copies of his inmate account transaction statements showing the daily activity in his inmate drawing, savings and reserve accounts for the months of January 2017 through the date of Plaintiff's objection, including deposits into, withdrawals from, and balances in these accounts. Plaintiff is advised that Canteen Log statements that do not contain the relevant information will not be considered sufficient to make the required showing.